**Rande Ross**
**PO Box 180104**
**Coronado CA 92178**
**619-997-0795**
*Plaintiff Pro Se*



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RANDE ROSS**<br>**PO Box 180104**<br>**Coronado CA 92178**<br>**619-997-0795**<br>        **v.** | ) **CIVIL CASE NO:**<br>)<br>) 08 CV 0107 BEN RBB<br>) _____<br>) |
| **SAN DIEGO COUNTY**<br>**C/O San Diego County**<br>**Board of Supervisors**<br>**1600 Pacific Coast Highway**<br>**San Diego CA 92101,**<br>**619-531-5600** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **SAN DIEGO SHERIFF'S DEPARTMENT**<br>**C/O Clerk of the Board of Supervisors**<br>**1600 Pacific Coast Highway**<br>**Room 402**<br>**San Diego CA 92101** | )<br>)<br>)<br>)<br>) |
| **DEPUTY WILLIAM KERR**<br>**C/O Clerk of the Board of Supervisors**<br>**1600 Pacific Coast Highway**<br>**Room 402**<br>**San Diego CA 92101,** | )<br>)<br>)<br>)<br>)<br>)     **Complaint**<br>**Civil Rights Act**<br>**42 U.S.C. § 1983** |
| **DEPUTY WILLIAM KERR aka**<br>**DETECTIVE WILLIAM KERR**<br>**C/O Clerk of the Board of Supervisors**<br>**1600 Pacific Coast Highway**<br>**Room 402**<br>**San Diego CA 92101** | )<br>)<br>)<br>)<br>)<br>) |
| **WILLIAM KERR**<br>**C/O San Diego Sheriff's Department** | )<br>) |

1



| | |
|---|---|
| **Lemon Grove Substation** ) | |
| **3240 Main St.** ) | |
| **Lemon Grove, CA 91945,** ) | **Complaint** |
| ) | **Civil Rights Act** |
| **DOES 1 THROUGH 100** ) | **42 U.S.C. §1983** |
| _____) | |

**Plaintiff alleges:**

**A. Jurisdiction**

**Jurisdiction is invoked pursuant to:**

**42 U.S.C. § 1983**
**28 U.S.C. § 1343(a)(3)**
**California Welfare and Institutions Code 5150; Section 5651.7**
**California Penal Code**
**California Penal Code 4011.6**
**B. Parties**

**1. Plaintiff:**

**This complaint alleges that the civil rights of Plaintiff, Rande Ross (hereinafter referred to as "Plaintiff"), PO Box 180104, Coronado, CA 92178, were violated by the actions of the below named individuals. The actions were directed against Plaintiff at the San Diego County Sheriff's Department, at its Rancho San Diego location on Jamacha Road, Spring Valley, CA 91978 and Lemon Grove Substation, 3240 Main St., Lemon Grove, CA 91945 and the Sharp Grossmont Medical Center Emergency Room entryway, located at 5555 Grossmont Center Drive, La Mesa, CA 91942, on December 13-14, 2006.**

**2. Defendants:**

**2A.  Defendant San Diego County (also referred to herein as "The County of San Diego") is a municipal authority with an address at 1600 Pacific Coast Highway, San Diego CA 92101, and pursuant to the Laws and Codes of San Diego County and the State of California, is responsible for oversight of its various departments, offices and officers.**

**2B.  Defendant San Diego County Sheriff's Department, (hereinafter referred to as "Defendant San Diego County**

Sheriff's Department", "Defendant SDCSD", "Defendant San Diego Sheriff's Department", or the "Sheriff's Office"), pursuant to the Laws and Codes of San Diego County and the State of California, with offices at 9261 Ridgehaven Court (mail stop:041), San Diego CA 92123; Rancho San Diego on Jamacha Road, Spring Valley, CA 91978 and Lemon Grove Substation, 3240 Main St., Lemon Grove, CA 91945.

Defendant San Diego County Sheriff's Department is responsible for the actions of its agents or employees who act as law enforcement officers under color of law.

2C.  Defendant Deputy William Kerr (also known as Detective William Kerr) is a deputy sheriff and/or detective under the auspices of the San Diego County Sheriff's Department.

Defendant Deputy William Kerr is sued herein in both his individual and his official capacity(s). Defendant Deputy William Kerr is an individual acting in his official capacity as Deputy Sheriff of San Diego County.

Defendant Deputy William Kerr, (referred to herein as "Defendant Kerr") under color of law and under the powers and protections of his office, used said official authority to knowingly violate the Constitutional and Civil Rights of Plaintiff as set forth herein, while she was the victim of an alleged crime.

2D. Defendants John Doe(s) 1 through 100 represents defendant parties whose names may become known to Plaintiff subsequent to the filing of this Complaint.

C. Causes of Action

## COUNT I

## FREEDOM OF SPEECH AND FREEDOM TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES

1.  On or about December 13-14, 2006, while on the premises of the San Diego Sheriff's Department, unless otherwise stated, Defendant Kerr engaged in the following actions which violated Plaintiff' Constitutional Rights:

2.  While at the Rancho San Diego Satellite on Jamacha Road, Defendant Kerr did restrain Plaintiff as if she was a criminal suspect, forcing her arms to be torqued behind her back by using excessive and aggressive force.

3.  Defendant Kerr refused to take information relative to a crime or crimes against Plaintiff which would have served to protect Plaintiff as Plaintiff believed the crime could reoccur and was afraid for her safety.

4.  Defendant Deputy Kerr engaged in the Intimidation of a Witness and intimidation of complainant as described throughout this complaint.

5.  Plaintiff is a law abiding United States citizen and is entitled to safety and security and freedom of fear and abuse from government.

6.  Defendant Kerr as a Deputy Sheriff, and as an individual, egregiously violated Plaintiff's rights.

7.  The San Diego County Sheriff's Department is responsible for proper screening, training and supervision of its deputies. Therefore, Defendant SDCSD is also responsible for the abuse and harm caused to Plaintiff.

8.  The County of San Diego is responsible for oversight of its various departments, offices and officers.  Therefore, Defendant San Diego County is also responsible for the abuse and harm caused to Plaintiff.

9.  The allegations contained in each Count are incorporated by reference as being part of each Count set forth in this Complaint.


## COUNT II

### CRUEL AND UNUSUAL PUNISHMENTS INFLICTED

10. On or about December 13-14, 2006, while on the premises of the San Diego Sheriff's Department, Defendant Kerr engaged in the following actions which violated Plaintiff's Constitutional Rights:

11. Defendant Kerr is a large and imposing muscular man and was fully armed. Plaintiff is a female who stands approximately 5 feet, 1 inch and weighs approximately 125 pounds; she is 57 years old and suffers from medical problems.

12. Plaintiff went to the Sheriff's Office to report an alleged crime. She was not expecting nor was she resisting Defendant Kerr's restraining actions.

13. While at the Rancho San Diego Satellite on Jamacha Road, Defendant Kerr did restrain Plaintiff as if she was a criminal suspect, forcing her arms to be torqued behind her back by using excessive and aggressive force.

14. Officer Kerr then strenuously applied upward pressure to her torqued arms. Plaintiff was forced forward over Defendant Kerr's official vehicle with her arms twisted behind her back in handcuffs. Plaintiff requested relief from pain and requested handcuffing in front of her body instead, which Defendant Kerr refused to do, stating official "policy" as the reason.

15. As a result of these actions, Plaintiff suffered, among other things, permanent nerve damage to her arms and cervical neck nerves.

16. Defendant Kerr viciously and maliciously denied and refused to allow Plaintiff to use her emergency asthma inhaler (medication carried in her purse and confiscated by Officer Kerr) even when, in the course of this traumatic and painful event, when she was clearly experiencing shortness of breath and serious breathing difficulties.

17. Officer Kerr denied Plaintiff her medicines during an asthma attack and retained the medication in his possession.

18. When Plaintiff developed severe difficultly breathing while handcuffed behind her back and in severe pain while being transported in Defendant Kerr's vehicle, Defendant Kerr

changed the course of destination for Plaintiff from SD County Mental Health Facility to Sharp Grossmont Hospital Emergency Room.

19. Defendant Kerr and Plaintiff arrived at the entry of SGHER but Defendant Kerr would not allow Plaintiff to use emergency asthma inhaler even at that time. With Plaintiff was still handcuffed behind her back and in respiratory distress, Defendant Kerr proceeded to fill out his paperwork for her 5150, reading his entries out loud and laughing.
Plaintiff requested that Defendant Kerr get a nurse to come to the parked vehicle and assist her with emergency respiratory inhaler. Defendant Kerr refused stating to Plaintiff that if she stopped breathing, he would resuscitate her.

20. Plaintiff is a law abiding United States citizen and is entitled to safety and security and freedom of fear and abuse from government.

21. Defendant Kerr as a Deputy Sheriff, and as an individual, egregiously violated Plaintiff's rights.

22. The San Diego County Sheriff's Department is responsible for proper screening, training and supervision of its deputies. Therefore, Defendant SDCSD is also responsible for the abuse and harm caused to Plaintiff.

23. The County of San Diego is responsible for oversight of its various departments, offices and officers.  Therefore, Defendant San Diego County is also responsible for the abuse and harm caused to Plaintiff.

24. The allegations contained in each Count are hereby incorporated by reference.


## COUNT III

### VIOLATED PRIVILEGES AND IMMUNITIES, DEPRIVE PLAINTIFF OF LIFE, LIBERTY, PROPERTY WITHOUT DUE PROCESS AND WITHOUT EQUAL PROTECTION OF THE LAWS

25. Plaintiff has no criminal history or history of 5150 action. Plaintiff has no criminal record.

26. On or about December 13-14, 2006, while in or around SDCSD vehicle, now stopped at Sharp Grossmont Medical Center Emergency Room entryway, located at 5555 Grossmont Center Drive, La Mesa, CA 91942, Defendant Kerr engaged in the following actions which violated Plaintiff' Constitutional Rights:

27. On or about, December 13, 2006 at approximately 4:25PM PST, Defendant Kerr unlawfully detained Plaintiff outside of the RSD Sheriff's satellite station where Plaintiff drove to provide San Diego Sheriff's Department with further information about a recent crime in which Plaintiff was a victim.  Said crime involved unauthorized entry to her home, theft of Plaintiff's personal property, interference with Plaintiff's alarm system and communication devices.  Plaintiff had concern these unlawful entries to her home and manipulation of her alarm and communications would or could recur.  Plaintiff was afraid for her life and property.

28. Defendant Kerr refused to take information relative to a crime or crimes against Plaintiff which would have served to protect Plaintiff as Plaintiff believed the crime could reoccur and was afraid for her safety.

29. Defendant Kerr made intimidating statements to Plaintiff regarding some of the crime-related information Plaintiff was reporting.

30. Defendant Kerr made apparent threatening implications, accusing Plaintiff of insulting some fine upstanding citizens of the community; those citizens whose safety he was there to protect.

31. Defendant Kerr, in his official capacity, gave the impression that he was threatening Plaintiff by informing her that it was the alleged perpetrators who were under his protection and not Plaintiff. Thereby he denied her equal protection of the law.

32. Defendant Kerr further threatened Plaintiff that there were consequences for her insistence on continuing to seek protection from Defendant SDCSD or by attempts to invoke her rights.

33. On or about December13 during this encounter by Plaintiff with Defendant Kerr, Plaintiff phoned her then attorney and relayed the threatening statements made to her by Defendant Kerr and further notified the attorney of her location at or near the San Diego Sheriff's Department.  The attorney asked to have Defendant Kerr speak with him on the telephone.

34. Attorney for Plaintiff stated that he was Plaintiff' attorney and asked Defendant Kerr to explain his stated threat to place her on an involuntary legal hold (5150 action).  Defendant Kerr became angry at this request and told Plaintiff's attorney that he would have the Attorney arrested for obstruction of justice and interfering with the duties of law enforcement if he continued with the discussion.

35. Defendant Kerr then hung up on Plaintiff's attorney.  [See Exhibit A hereto, Affidavit of Attorney]

36. Defendant Kerr also told Plaintiff that she did not have his permission to contact her attorney and that she would pay the consequences for taking that action without his expressed permission.

37. Following the termination of this cell phone conversation, Defendant Kerr broke Plaintiff's cell phone.

38. Following the breaking of the cell phone, Defendant Kerr grabbed Plaintiff' wrists and aggressively and painfully placed her in handcuffs with her hands behind her back as a punitive action taken and informed Plaintiff that she was now in his custody and placed on a "5150 legal hold".

39. Defendant Kerr inquired if Plaintiff she was on any medications.  Plaintiff stated that she had taken medications for asthma and anxiety.

40. Defendant Kerr knowingly filed a false report to his apparent supervisor by police radio when Plaintiff was taken into custody.  Defendant Kerr falsely stated that Plaintiff "flagged him down".  Defendant Kerr also knowingly and falsely stated to the San Diego County Sheriff's Department that he did not initiate any contact whatsoever with Plaintiff prior to this encounter.  Defendant Kerr did, in fact, follow Plaintiff into the parking lot of the San Diego Sheriff

Department and engaged Plaintiff in discussion there.

41. Defendant Kerr repeatedly threatened Plaintiff while she handcuffed, even while in the backseat of the sheriff department's official vehicle.  He said he could throw her on the ground, step on her, and taser her any time he wanted to.

42. From the time Officer Kerr handcuffed Plaintiff, she was worrying about her cherished dog, alone and abandoned, still in her car in an empty parking lot.

43. Defendant Kerr stated to Plaintiff that she was under arrest.

44. Defendant Kerr stated that, by virtue of his "power", she would go to jail.

45. Plaintiff was forced to sit in fear and think about what it will be like for her to become a prisoner and inmate.

46. Plaintiff has no record of criminal or dangerous behavior.

47. Defendant Kerr informed Plaintiff that he was going to see to it that she would be mandatorily placed on heavy psychotropic medications and that he would "see to it" that she would be forced to take such mandatory medications "whether she wanted to take them or not."

48. Further, Defendant Kerr filed a false report to his apparent supervisor when he reported that "the situation got quickly out of control and escalated almost immediately."  Quite the contrary; Plaintiff did not behave in a manner consistent with any criteria or requirements of a 5150.  Plaintiff behaved as any reasonable person.  She, in fact, behaved in a manner consistent with a citizen making a claim to an officer of the law.

49. During the occurrence, while Plaintiff was handcuffed on a 5150 hold, Defendant Kerr informed Plaintiff that she was also under arrest for several criminal offenses and that he would see to it that she would do "jail time", further reiterating that Defendant Kerr intended to "make sure" Plaintiff did "jail time".  Defendant Kerr requested confirmation from Plaintiff that she understood that she was under arrest.

**50. Plaintiff was the victim of a vicious and malicious attack and was falsely arrested by Defendant Kerr while he had full knowledge that he was violating her Constitutional and Civil Rights.**

**51. Plaintiff is a law abiding United States citizen and is entitled to safety and security and freedom of fear and abuse from government.**

**52. Defendant Kerr as a Deputy Sheriff, and as an individual, egregiously violated Plaintiff's rights.**

**53. The San Diego County Sheriff's Department is responsible for proper screening, training and supervision of its deputies. Therefore, Defendant SDCSD is also responsible for the abuse and harm caused to Plaintiff.**

**54. The County of San Diego is responsible for oversight of its various departments, offices and officers.  Therefore, Defendant San Diego County is also responsible for the abuse and harm caused to Plaintiff.**

**55. The allegations contained in each Count are incorporated herein by reference.**

**COUNT IV**

**RIGHT TO BE SECURE IN PERSONS, HOUSES, PAPERS AND EFFECTS AGAINST UNREASONABLE UNWARRANTED SEARCH & SEIZURE**

**56. On or about December 13-14, 2006, while on the premises of the San Diego Sheriff's Department,  Defendant Kerr engaged in the following actions which violated Plaintiff's Constitutional Rights:**

**56. Defendant Kerr conducted a search of Plaintiff's vehicle, contents of her purse and contents of closed boxes and other containers with Plaintiff' personal property.  There was no reason for Defendant Kerr to perform this search. Defendant Kerr then took into his possession prescription medication from Plaintiff's purse.  Defendant Kerr viciously and maliciously**

denied and refused to allow Plaintiff to use her asthma inhaler (one of the prescription medications carried in her purse) even when, in the course of this traumatic and painful event when she was clearly experiencing shortness of breath and exhibited breathing difficulties. He retained the medication in his possession.

57. Defendant Kerr looked through personal possessions in her vehicle and belonging to Plaintiff which included evidence relative to the crime she was reporting, which was the reason she went to the Sheriff's Office.  Some of that evidence may have been seized and not returned.  Plaintiff had no way to make a record of what Defendant Kerr was confiscating.

58. Defendant Kerr denied Plaintiff the right to her necessary personal property including but not limited to her medicines, car and house keys, money, contact information, credit card. Defendant Kerr also denied Plaintiff the right to make a telephone call or to notify someone of the situation and to take care of needed and urgent responsibilities such as care of her dog.

59. Plaintiff believes that Defendant Kerr knew that the information he provided in the paperwork he prepared and submitted to the Department was irrelevant, unsubstantiated, false and/or misleading.

60. Defendant Kerr prepared that document in Plaintiff's presence, in the Sheriff Department's vehicle which was located outside of Sharp Grossmont Hospital while Plaintiff was restrained in handcuffs in the back seat.  Defendant Kerr stated to Plaintiff statements he intended to include in the document as if he was notifying her of his intention to color his statements to misrepresent the occurrence. Defendant Kerr's demeanor was unofficial and inappropriate as he was laughing while he was reviewing the document and verbalizing his intentional misstatements.

61. Defendant Kerr removed the behind the back handcuff's from Plaintiff directly outside of the Sharp Grossmont Emergency Room,  outside of the patrol vehicle in public display at a very busy time of day. Plaintiff, who thought she was providing information relevant to her claim of breaking and entry and burglary, was now terrified and traumatized and

found herself being exhibited in public as if she were a suspect instead of a victim.

62. Plaintiff has never engaged in any criminal activities and has never been involved with law enforcement in a criminal capacity. Plaintiff has never been a suspect. Plaintiff is and was the victim of crime; The Sharp Grossmont Hospital is located in Plaintiff's neighborhood and Plaintiff was now being humiliatingly displayed in her own community as a criminal in handcuffs.

63. Further, Defendant Kerr accompanied Plaintiff into the Emergency Room, which was filled with approx 70 patients and several staff members.  Defendant Kerr situated Plaintiff in the waiting room area and loudly announced that Plaintiff was there because "she needs to spend time in a mental hospital" because she was "mentally disturbed" and was being committed by an officer of the law.

64. Plaintiff responded by asking Defendant Kerr the exact reason Defendant Kerr placed her on a 5150 hold. Defendant Kerr responded by making an announcement in a loud and mocking fashion, stating, "See how bad your mind is....I just went over this with you in the (patrol) vehicle. You can't even track information one minute to the next."

65. Defendant Kerr made further references to what Defendant Kerr relayed as "mental incapacitation." Defendant Kerr refused to state an actual basis for Defendant Kerr's placing Plaintiff on a 5150 hold.

66. Further, Defendant Kerr failed and refused to give the nursing and medical staff on duty at that time any information about Plaintiff other than simply submitting the 5150 document without further communication with the hospital staff. The staff was under the impression that Plaintiff was a criminal brought to the ER for medical problems and a psychiatric hold.

67. Plaintiff is a former:  Critical Care Registered Nurse, an Acute Care Hospital Nursing Supervisor and Catastrophic Illness and Injury Case Manager.  Defendant Kerr intentionally, maliciously and with full knowledge that he was violating a victim's rights, gave a false impression in his official capacity as an officer of the Sheriff's Department.  Defendant violated

Plaintiff's dignity, privacy and was viciously and egregiously slandering and maligning Plaintiff in the presence of her professional peers and in a public place.

68. Plaintiff believed she was under arrest. Plaintiff was informed that she was not under arrest approximately eight hours following her Emergency Room treatment for neck injuries. It wasn't until the hospital evaluation was nearly completed and Plaintiff was approaching the time of discharge from the Emergency Room of Sharp Grossmont Hospital, that she learned that she was not under arrest.

69. On admission to the ER, prior to being seen by a physician, Plaintiff was placed on a mandatory drug and alcohol screening urine test order, apparently standard procedure for a person under arrest.

70. Plaintiff was unable to produce a specimen promptly because she was not permitted to have fluid intake because the staff thought she was prohibited while in custody and plaintiff had nothing to drink for more than six hours.

71. Plaintiff was assigned a male nurse. Plaintiff was advised that if she could not produce a urine specimen in 10 minutes, a male nurse would obtain a specimen of her urine by urinary catheterization without her consent for the catheterization.

72. Plaintiff felt degraded, violated and fearful of urinary catheterization, especially by a male, and inquired as to why she was being subjected to such a procedure.

73. Based on the medical conclusions of the neurological, psychological and cognitive examinations of Plaintiff, the medical staff questioned the reason for a urine drug test.

74. The medical staff then ascertained that Plaintiff was not under arrest. As a result, an order to cancel the urine drug test and pending catheterization procedure was entered into Plaintiff's medical records immediately. The order to cancel was input into Plaintiff's chart in all capital letters and bold print.

75. The 5150 psychiatric legal hold revealed that Plaintiff did not have any of the criteria or elements necessary for a 5150

hold and Plaintiff was given no psychiatric diagnosis and was told that she was free to leave.  The medical staff disagreed with and overrode Defendant Kerr's decision to place Plaintiff on a 5150 and Defendant Kerr's decision to detain and confine Plaintiff.  Plaintiff's sole hospital diagnosis of said ER admission, was neck injury which she sustained immediately prior to her arrival at the ER.

76. Plaintiff was released from the Emergency Room of SGH at approximately 3:30 a.m. on December 14, 2006, in a hard neck collar and in pain and traumatized by the entire course of events created by Defendant Kerr.  Plaintiff was released in the middle of a winter's night without money, contact list, access to her vehicle and home because Defendant Kerr had denied Plaintiff access to her car and house keys, cell phone and her purse, and other vital personal items.

77. Plaintiff is a law abiding United States citizen and is entitled to safety and security and freedom of fear and abuse from government.

78. Defendant Kerr as a Deputy Sheriff, and as an individual, egregiously violated Plaintiff's rights.

79. The San Diego County Sheriff's Department is responsible for proper screening, training and supervision of its deputies. Therefore, Defendant SDCSD is also responsible for the abuse and harm caused to Plaintiff.

80. The County of San Diego is responsible for oversight of its various departments, offices and officers.  Therefore, Defendant San Diego County is also responsible for the abuse and harm caused to Plaintiff.

81. The allegations contained in each Count are incorporated by reference as being part of each Count set forth in this Complaint.

82. Plaintiff is a law abiding United States citizen and is entitled to safety and security and freedom of fear and abuse from government.

83. Defendant Kerr as a Deputy Sheriff, and as an individual, egregiously violated Plaintiff's rights.

84. The San Diego County Sheriff's Department is responsible for proper screening, training and supervision of its deputies. Therefore, Defendant SDCSD is also responsible for the abuse and harm caused to Plaintiff.

85. The County of San Diego is responsible for oversight of its various departments, offices and officers. Therefore, Defendant San Diego County is also responsible for the abuse and harm caused to Plaintiff.

 The allegations contained in each Count are hereby incorporated by reference.


## COUNT V

86. Subsequent to when Plaintiff submitted a formal written complaint and claim to the County of San Diego about violation of her rights by Defendant Kerr, Internal Affairs came to Plaintiff's property without notice.

87. Plaintiff was intimidated and fearful by the unexpected appearance of a Sheriff's SUV at her home, that Defendant Kerr may have returned for purposes of retaliation. Internal Affairs did not identify themselves and did not answer Plaintiff's requests that they identify themselves. Plaintiff did not understand who they were or the reason for their appearance at her home for a period of approximately 45 minutes.

88. Plaintiff is a law abiding United States citizen and is entitled to safety and security and freedom of fear and abuse from government.

89. Defendant Kerr as a Deputy Sheriff, and as an individual, egregiously violated Plaintiff's rights.

90. The San Diego County Sheriff's Department is responsible for proper screening, training and supervision of its deputies. Therefore, Defendant SDCSD is also responsible for the abuse and harm caused to Plaintiff.

**91. The County of San Diego is responsible for oversight of its various departments, offices and officers.  Therefore, Defendant San Diego County is also responsible for the abuse and harm caused to Plaintiff.**

**92.  The allegations contained in each Count are hereby incorporated by reference.**

**§ 1983 SD Form (Rev. 5/98)**

**D. Previous Lawsuits and Administrative Relief**

**1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ____ Yes   _x_ No.**

**If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]**

**(a) Parties to the previous lawsuit:**
**Plaintiffs:**

_____

_____

**Defendants:**

_____

_____

**(b) Name of the court and docket number:**

_____

_____

_____.

**(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____**

_____

_____.

**(d) Issues raised:**

_____

_____

_____

_____

_____

_____

١٦

_____.
**(e) Approximate date case was filed:**
_____.

**(f) Approximate date of disposition:**
_____.
**2. Have you previously sought and exhausted all forms of informal or formal relief from the**
**proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee**
**Appeal Form 602, etc.] ? X Yes _____ No**
**If your answer is "Yes", briefly describe how relief was sought and the results. If your answer**
**is "No", briefly explain why administrative relief was not sought**

**1. I filed a claim with the County**
**2.  I was interviewed at length by Internal Affairs of the San Diego County Sheriff's Dept.**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.
**§ 1983 SD Form (Rev. 5/98)**

## E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. <u>Injunctive Relief</u>:

Request specific training and oversight for Sheriff personnel

Request investigation of abusive application of 5150 action by Deputies against citizens as a form of abuse of citizens to intimidate and discredit complainants

Request Court to order that Defendant Kerr have no contact with Plaintiff under any circumstances

Request Court to order the SDCSD to cease and desist from any harassment or abuse by deputies directly or in any of their vehicles or equipment; that all of Plaintiff's constitutional rights be honored and respected at all times

2. Damages in the sum of $ 3,000,000.

<u>Bodily Injury</u>:

damaged motor nerves bilaterally and damaged sensory nerves,
injury to neck and spinal area with loss of arm functional capacity resulting in, among other things, decline in personal appearance,
costs of continuing medically related costs and costs for assistive personnel

<u>Personal Injury</u>:

trauma - extreme psychological effects many of which are permanent
severe physical pain, some of which is permanent
inconvenience and limitation of wearing a hard neck
  collar and having to wear an immobilizing arm splint on
  right arm for approximately 6 week continuously
losses to value to home, deteriorated condition of home
as the result of loss of ability to maintain home physically,

**losses due to reduced capabilities to perform activities and
responsibilities of daily living**
**loss of social life**
**loss of personal goals,**
**loss of capability for computer use,**
**losses due to weakness of hands and fingers**
**loss of use of house out of concern for safety**
**loss of dignity personally, socially, professionally**
**loss of status in the community and with professional peers**
**expenditure of costs for personal security measures**
**loss of trust and loss of happiness**
**decline in credit rating**
**fees and costs of lawsuit**

**Property Damage:**

**broken cell phone**

**possible loss of property
    which may have included evidence**


**3. Punitive damages in the sum of $ 5,000,000.**

**Punitive Damages:**

**Unlawful, unjust, and malicious taking of treasured
constitutional freedoms and civil rights from a law abiding
American citizen by someone acting of a representative of the
law of the United States of America and on American soil**

**Wanton abuse of authority**

**Inhumane disregard for the health and safety of a defenseless
    person**

**Contempt for the right of a citizen to have legal counsel**

**Intentional obstruction of access to legal counsel**


**Making knowingly false statements in an official capacity
    on a 5150 action**

**Failure of law enforcement to protect**

**Actions by a law enforcement officer showing contempt and prejudice against someone perceived to have symptoms of mental illness**

**Corruption**

**Obstruction of justice**

**Disappointment and lack of confidence in law enforcement**

**Intimidation of a witness**

**Increase in victimization due to knowledge by suspected criminals or alleged perpetrators that Sheriff will favor an accused perpetrators rights over the rights and safety of Plaintiff and even retaliate or abuse Plaintiff**

**Inability to pursue claims in the future, should Plaintiff have the need if Plaintiff were to report a crime occurring with Jurisdiction of Sheriff's Department**

**Loss of reliance on public services**

**Fear Sheriff will act against Plaintiff's rights, safety and interests should plaintiff attempt to or need to engage their services**

**Relocation outside of Sheriff's Department jurisdiction in order to feel safe from and be safe from Sheriff Department law enforcement misconduct**

**4. Other:  Any and all damages that this Court deems appropriate.**

**F. Demand for Jury Trial**

**Plaintiff demands a trial by _X_ Jury ____ Court. (Choose one.)**

## G. Consent to Magistrate Judge Jurisdiction   — *I decline (RR)*

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below. Choose only one of the following:

. . Plaintiff consents to magistrate Plaintiff requests that a district judge jurisdiction as set forth be designated to decide dispositive above matters and trial in this case.

OR

I declare under the penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 1/14/08 | Ms Rande Ross Pro Se |
| **Date** | **Ms. Rande Ross, Plaintiff *Pro Se*** |

21

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

RANDE ROSS
PO 180104
CORONADO CA 92178
619-997-0795

**DEFENDANTS**

County of San Diego
San Diego
San Diego County Sheriff Department
Sheriff Deputy William Kerr
William Kerr
County of

FILED

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

pro se

**ATTORNEYS (IF KNOWN)**

---

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question
  (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)     FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | • 1 | • 1 | Incorporated or Principal Place of Business in This State | • 4 | • 4 |
| Citizen of Another State | • 2 | • 2 | Incorporated and Principal Place of Business in Another State | • 5 | • 5 |
| Citizen or Subject of a Foreign Country | • 3 | • 3 | Foreign Nation | • 6 | • 6 |

---

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)**

Civil Rights Act    42 USC $1983

---

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| • 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | • 610 Agriculture | • 422 Appeal 28 USC 158 | • 400 State Reappointment |
| • 120 Marine | • 310 Airplane | • 362 Personal Injury- | • 620 Other Food & Drug | • 423 Withdrawal 28 USC 157 | • 410 Antitrust |
| • 130 Miller Act | • 315 Airplane Product Liability | Medical Malpractice | • 625 Drug Related Seizure | **PROPERTY RIGHTS** | • 430 Banks and Banking |
| • 140 Negotiable Instrument | • 320 Assault, Libel & Slander | • 365 Personal Injury - | of Property 21 USC881 | • 820 Copyrights | • 450 Commerce/ICC Rates/etc. |
| • 150 Recovery of Overpayment | • 330 Federal Employers' | Product Liability | • 630 Liquor Laws | • 830 Patent | • 460 Deportation |
| &Enforcement of Judgment | Liability | • 368 Asbestos Personal Injury | • 640 RR & Truck | • 840 Trademark | • 470 Racketeer Influenced and Corrupt Organizations |
| • 151 Medicare Act | • 340 Marine | Product Liability | • 650 Airline Regs | **SOCIAL SECURITY** | |
| • 152 Recovery of Defaulted Student | • 345 Marine Product | **PERSONAL PROPERTY** | • 660 Occupational Safety/Health | • 861 HIA (1395ff) | • 810 Selective Service |
| Loans (Excl. Veterans) | Liability | • 370 Other Fraud | • 690 Other | • 862 Black Lung (923) | • 850 Securities/Commodities Exchange |
| • 153Recovery of Overpayment | • 350 Motor Vehicle | • 371 Truth in Lending | **LABOR** | • 863 DIWC/DIWW (405(g)) | |
| of Veterans Benefits | • 355 Motor Vehicle Product | • 380 Other Personal | • 710Fair Labor Standards Act | • 864 SSID Title XVI | • 875 Customer Challenge 12 USC |
| • 160 Stockholders Suits | Liability | Property Damage | • 720 Labor/Mgmt. Relations | • 865 RSI (405(g)) | • 891 Agricultural Acts |
| • 190 Other Contract | • 360 Other Personal Injury | • 385 Property Damage | • 730 Labor/Mgmt. Reporting & | **FEDERAL TAX SUITS** | • 892 Economic Stabilization Act |
| • 195 Contract Product Liability | | Product Liability | Disclosure Act | • 870 Taxes (U.S. Plaintiff or Defendant) | • 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | • 740 Railway Labor Act | • 871 IRS - Third Party 26 USC 7609 | • 894 Energy Allocation Act |
| • 210 Land Condemnation | • 441 Voting | • 510 Motions to Vacate Sentence | • 790 Other Labor Litigation | | • 895 Freedom of Information Act |
| • 220 Foreclosure | • 442 Employment | Habeas Corpus | • 791 Empl. Ret. Inc. | | • 900 Appeal of Fee Determination Under Equal Access to Justice |
| • 230 Rent Lease & Ejectment | • 443 Housing/Accommodations | • 530 General | Security Act | | • 950 Constitutionality of State |
| • 240 Tort to Land | • 444 Welfare | • 535 Death Penalty | | | Statutes |
| • 245 Tort Product Liability | **X** 440 Other Civil Rights  **X** | • 540 Mandamus & Other | | | • 890 Other Statutory Actions |
| • 290 All Other Real Property | | • 550 Civil Rights | | | |
| | | • 555 Prisoner Conditions | | | |

---

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- **X** 1 Original Proceeding
- • 2 Removal from State Court
- • 3 Remanded from Appellate Court
- • 4 Reinstated or Reopened
- • 5 Transferred from another district (specify)
- • 6 Multidistrict Litigation
- • 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**

- • CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $ 3,000,000

Check YES only if demanded in complaint:
JURY DEMAND: • YES • NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE 1/14/08    SIGNATURE OF ATTORNEY OF RECORD Rande Ross