1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                             SOUTHERN DISTRICT OF CALIFORNIA
10
11  RANDE ROSS,                              )    Civil No. 08cv0107-BEN (RBB)
                                             )
12                                           )    **ORDER:**
                       Plaintiff,            )
13                                           )    **(1) DENYING MOTION TO**
    v.                                       )    **PROCEED *IN FORMA PAUPERIS*;**
14                                           )    **AND**
    SAN DIEGO COUNTY, et al.,                )
15                                           )    **(2) DISMISSING THE ACTION**
                                             )
16                     Defendants.           )
                                             )
17

18      Plaintiff Rande Ross ("Plaintiff") filed the present action against the County of San
19  Diego, the Sheriff's Department and a Deputy Sheriff on January 15, 2008. Plaintiff alleges that
20  Defendants violated her rights under section 1983 of the Civil Rights Act and requests
21  permission to proceed *in forma pauperis*. For the reasons below, the Court denies Plaintiff's
22  request and dismisses the action without prejudice and with leave to re-open upon payment of
23  the filing fee.
24      Plaintiff is not entitled to proceed the *in forma pauperis*. All parties instituting any civil
25  action, suit, or proceeding in a district court of the United States, except for an application for
26  writ of habeas corpus, must pay a filing fee of $350.00. 28 U.S.C. § 1914. An action may
27  proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to
28  proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d

1176, 1177 (9th Cir. 1999). Under §1915(a), the court may authorize the commencement of an action without prepayment of fees if the plaintiff submits an affidavit, including a statement of all assets, showing that he is unable to pay the filing fee.

A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

In the declaration submitted in support of his Motion to Proceed *in Forma Pauperis*, Plaintiff stated that she is unemployed and has been receiving disability insurance payments of approximately $2,100/month. (Plaintiff's Declaration in Support of Motion to Proceed *In Forma Pauperis* ("Decl."), at ¶3). Plaintiff also owns a car and a house. (Decl., at 6). Although she carries significant debt as well, she has not established her entitlement to the *in forma pauperis* status. Therefore Plaintiff's motion to proceed *in forma pauperis* is denied.

## CONCLUSION

Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. Accordingly, the Complaint is dismissed without prejudice and may be re-opened if the Plaintiff pays the required filing fee within 90 days of the date of this Order.

**IT IS SO ORDERED.**

DATED: February 14, 2008

_____
Hon. Roger T. Benitez
United States District Judge